

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KEITH LEVAN, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 4:22-03990-MGL |
| | § | |
| WARDEN LEE CORRECTIONAL | § | |
| INSTITUTION, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DENYING PETITION FOR WRIT OF MANDAMUS**

Plaintiff Keith LeVan (LeVan), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He subsequently filed a petition for writ of mandamus seeking to require Respondent Warden Lee Correctional Institution (Warden) to return legal materials to allow him to proceed with his Section 2254 action.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court deny the petition for writ of mandamus. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 26, 2023.  LeVan objected on July 10, 2023, and Warden failed to reply.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

LeVan objects to the Magistrate Judge's determination that this Court lacks jurisdiction to issue a writ of mandamus compelling state officials to take a particular action.  He argues that Warden's status as a respondent in a federal court case, the alleged violation of constitutional rights through withholding the legal materials, the impediment to his case caused by the lack of access, and the South Carolina Rules of Professional Conduct provide this Court jurisdiction.

As an initial matter, the Court notes that there is a "fundamental constitutional right of access to the courts [that] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  The Supreme Court emphasized, however, that there are "alternative means to achieve that goal."  *Id.* at 351 (quoting *Bounds*, 430 U.S. at 830).

The Court makes no determination as to the truth of LeVan's allegations or as to whether the allegations, if true, rise to the level of a constitutional violation.  Instead, the Court considers whether a writ of mandamus is an available avenue to pursue the requested relief.  It agrees with the Magistrate Judge that it is not.

As the Magistrate Judge noted, this Court lacks mandamus jurisdiction over state officials. *Cf.* 28 U.S.C. § 1361 (granting federal district courts original jurisdiction over "any action in the

nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff").

None of LeVan's arguments change the fact that federal mandamus relief is unavailable to him. *See Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969) (explaining lack of power to issue a writ of mandamus "is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States" (quoting *Covington & C. Bridge Co. v. Hager*, 203 U.S. 109, 111 (1906)).

Thus, to the extent Warden has violated LeVan's constitutional rights, LeVan must pursue other relief, such as the prison grievance procedure, then a civil rights action under 42 U.S.C. § 1983, or a writ of mandamus under state law, if available. The Court will thus overrule LeVan's objections.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court LeVan's petition for writ of mandamus is **DENIED**.

**IT IS SO ORDERED.**

Signed this 21st day of September 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.