

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KEITH LEVAN,<br>　　　Petitioner,<br><br>vs.<br><br>WARDEN LEE CORRECTIONAL<br>INSTITUTION,<br>　　　Respondent. | §<br>§<br>§<br>§　　Civil Action No. 4:22-03990-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITION WITHOUT AN EVIDENTIARY HEARING**

Plaintiff Keith LeVan (LeVan), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 against Respondent Warden Lee Correctional Institution (Warden).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Warden's motion for summary judgment and dismiss LeVan's petition without an evidentiary hearing. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 26, 2024. LeVan objected on February 16, 2024, and Warden failed to reply. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

A jury convicted LeVan of murder in South Carolina state court. The evidence presented shows LeVan used his wife's Facebook account to message the victim, her paramour, and lure him in the early morning to a parking lot. LeVan brought several guns with him to this encounter and ended up shooting and killing the victim. At trial, he argued he killed the victim in self-defense.

Although some of LeVan's twenty-six objections address multiple portions of the Report, the Court has divided them into seven categories:

**A.    *Whether the Magistrate Judge erred in recommending dismissal of certain of LeVan's grounds for relief as procedurally barred or unexhausted***

LeVan objects to dismissal of portions of his first, sixth, eighth, eleventh, and fifteenth grounds as procedurally barred or unexhausted.

As to LeVan's first ground for relief, he insists he exhausted his claim because he raised trial counsel's failure to request a withdrawal jury instruction in state court. This instruction allows an initial aggressor to argue self-defense in certain circumstances if he attempts to withdraw from the confrontation.

Although LeVan raised this issue on appeal from the denial of his post-conviction relief (PCR) application, he failed to raise it in the PCR application itself. It is therefore barred. *Cf.* S.C. Code Ann. § 17-27-20 (1976) (defining cognizable claims in PCR actions and establishing PCR actions, for collateral actions, shall be the sole method of attacking a conviction or sentence). In other words, LeVan is unable to challenge a decision the PCR court itself failed to make.

The Court will thus overrule this objection.

2

Similarly, as to LeVan's sixth ground for relief, he also objects to the Magistrate Judge's determination he failed to exhaust his allegations of trial counsel's improper contact with law enforcement and investigator impropriety.

The Court is, however, unable to parse LeVan's rationale for his objection. And, the Court holds the Magistrate Judge correctly determined those portions of his sixth ground. Therefore, the Court will also overrule this objection.

LeVan also contends he lacked the opportunity to exhaust his sixth, eighth, eleventh, and fifteenth grounds for relief and has been prevented from obtaining evidence in support of those claims.

For the reasons discussed in the Report and in this order, even if LeVan could show cause for his failure to raise his claims in state court, he has failed to show actual prejudice due to the overwhelming evidence against him. He has also failed to demonstrate a miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding the Court may excuse default if a petitioner can demonstrate cause and prejudice or a miscarriage of justice).

The Court will therefore also overrule these objections.

Finally, LeVan raises objections to dismissal of his third, fifth, eighth grounds for relief and focuses on the merits of those grounds in those objections. Because the Magistrate Judge recommended the Court dismiss these grounds as procedurally barred, LeVan fails to undermine the Magistrate Judge's rationale for dismissal. The Court will thus overrule these objections, too.

**B.      *Whether the PCR court and the Magistrate Judge relied on Respondent's alleged misrepresentation of the facts in the record***

In several of his objections, LeVan contests the legitimacy and veracity of certain statements made by the state to the PCR court and to this Court, such as that he confessed to his

3

wife, the incident was recorded on video, Facebook and text messages show how he planned, executed, and tried to cover up the crime, and he drove his wife's Volvo to the incident.

He appears to argue the PCR court, and the Magistrate Judge, improperly relied on facts allegedly absent from the record in making its determinations. In particular, he challenges the determination LeVan failed to suffer prejudice as a result of any error because the weight of the evidence was so heavily against him.

As to his confession to his wife, LeVan contends his statements should have been excluded from trial under the marital communications privilege, and the text message he sent was misinterpreted.

The text message read "Sorry, I snapped and became the monster I feared. Is anyone looking for me?". Trial Transcript at 239:21–25. LeVan avers this is a line from a poem about a fictional story of a monster.

Rather than arguing this evidence is nonexistent from the record, LeVan asks the Court to reinterpret the message. The Court finds the prior factual determinations to be reasonable. *See* 28 U.S.C. § 2254(d) (explaining the Court should refrain from granting habeas relief unless a decision was contrary to federal law or, as relevant here, "resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.").

And, as to the fact the incident was recorded on video, the government introduced video at trial that showed at least the end of the incident. And, the government introduced still photos of another video angle. Although they were, admittedly, somewhat poor quality, the jury found they supported the government's theory of events and aligned with the other evidence presented at trial.

Moreover, as to the Facebook and text messages, the government introduced certain text messages into the record at trial. LeVan also admitted to sending Facebook messages to the victim

4

from his wife's account prior to the incident.  Although LeVan posits the state altered the text messages it introduced at trial, the Court determines these allegations lack merit.  The Court is thus unable to determine this evidence is absent from the record.

Finally, as to the statement LeVan drove his wife's Volvo to the incident, LeVan admitted on cross-examination, although the black Volvo was in his name, his wife usually drives it.  Thus, the alternate references to the Volvo as his and his wife's is uncontradictory and fails to undermine the credibility of the Report, despite LeVan's arguments to the contrary.  The Court is unable to detect improper bias of the Magistrate Judge toward Warden in evaluating their motion for summary judgment.

Overall, even if there were slight inaccuracies with the characterization of the evidence presented at trial, the Court is unable to say there is any evidence of misrepresentation of the cumulative effect of the evidence.  The PCR court thus made reasonable factual determinations. *Gray v. Zook*, 806 F.3d 783, 790 (4th Cir. 2015) ("An unreasonable determination of the facts is not merely an incorrect determination, but one sufficiently against the weight of the evidence that it is objectively unreasonable."  (citation omitted) (internal quotation marks omitted).

The weight of the evidence points overwhelmingly to LeVan's guilt.  Thus, any error failed to prejudice LeVan.  The Court will thus overrule these objections.

C. *Whether the Magistrate Judge erred in recommending dismissal of the exhausted portions of LeVan's first ground for relief alleging trial counsel was ineffective for failing to develop a theory of self defense*

Furthermore, LeVan objects to the Magistrate Judge's reliance on statements LeVan "had many other means of avoiding the confrontation in the first place," Report at 13 n.3 (quoting PCR Order of Dismissal at 16), and he "set up the confrontation[,]" *id.* at 25 (quoting PCR Order of Dismissal at 17).  Similarly, he disputes the Magistrate Judge's statement LeVan "went to confront

5

the Victim with the specific intent of scaring him or shooting at his vehicle." *Id.* at 21 (quoting PCR Order of Dismissal at 16).

LeVan contends he met up with the victim at a Walmart parking lot to scare him, then the victim followed him when he tried to leave, continuing the altercation. He contends the video footage of the "confrontation" shows a second location, a nearby HomeGoods parking lot. He posits it was, in effect, a different meeting.

The footage introduced to the jury showed LeVan arriving first and the victim second. LeVan insists this shows the victim followed him and became the aggressor. Defense counsel drew attention to this fact. Nevertheless, the evidence shows LeVan arranged the meeting, and thus the Court is unconvinced by LeVan's attempts to quibble with the Magistrate Judge's language.

LeVan's contends the Court should refrain from considering his home surveillance footage to bolster the theory he was the aggressor. He also posits the prosecutor misconstrued the video evidence, although he fails to explain how.

The Court holds LeVan has failed to undermine the reasonableness of the previous factual interpretations of the home video—that the footage shows him preparing weapons before the confrontation and disposing a firearm afterward. This argument thus fails to impact the Court's determinations.

And, although LeVan contends introduction of the footage violated the marital communications privilege and his *Miranda* rights, he has failed to show the question of whether it should have been excluded is one of the exhausted grounds before this Court. Thus, the Court need not discuss those arguments in this section.

Nor do LeVan's assertions he thought the victim was armed and he was directed to set up the meeting by someone else sway the Court's analysis. Neither fact, even if true, cures the pitfall of LeVan's claims. The bottom line is the state court's determination he instigated the confrontation is reasonable.

Overall, LeVan has failed to show trial counsel was ineffective in developing a self-defense theory. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (holding to establish ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness."). Counsel argued the theory at trial, yet the jury decided it was unsupported by the evidence.

The Court will thus overrule these objections as well.

**D.     *Whether the Magistrate Judge erred in recommending dismissal of LeVan's fourth ground of relief alleging trial counsel was ineffective for failing to investigate vehicle evidence***

LeVan contends an investigation of the victim's vehicle would have found his blood underneath, supporting his claim of self-defense.

The PCR court determined the weight of the evidence precluded a finding of prejudice as to this claim. *See id.* at 694 ("[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

The Court is unable to determine this is an unreasonable determination of the facts. It will thus overrule this objection, too.

**E.     *Whether the Magistrate Judge erred in recommending dismissal of the exhausted portions of LeVan's sixth ground of relief alleging trial counsel was ineffective for failing to conduct a proper investigation and committing malpractice***

7

LeVan objects to Magistrate Judge's rejection of the argument trial counsel was ineffective in addressing ballistic evidence. But, he fails to explain how consideration of the firearm evidence would have changed the outcome in his case. Indeed, he admits to shooting the victim. It is unclear how he argues ballistic evidence would support his theory of self-defense.

The Court will thus overrule this objection, as well.

F.  *Whether the Magistrate Judge erred in recommending dismissal of LeVan's thirteenth ground for relief alleging trial counsel was ineffective for failing to obtain certain surveillance footage*

LeVan posits had trial counsel obtained certain surveillance footage, it would have shown him attempting to withdraw from the altercation with the victim.

As the Magistrate Judge explained, even if LeVan has proffered what he expects would be on the footage, he has failed to provide any evidence to contradict trial counsel's testimony the cameras in question were nonfunctioning on the day of the incident.

LeVan even admits "[t]he state court's failure to prove that the cameras at the incident at Walmart did not work is equally credible to the claim that they did work." Objections at 35 (emphasis omitted).

Factual findings "made by a State court shall be presumed to be correct," and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Therefore, even if the Court agreed with LeVan that his allegations are just as credible as trial counsel's testimony, he has failed to meet his burden. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.").

8

Thus, he has failed to show trial counsel was ineffective. The Court will therefore overrule these objections, too.

*****

To the extent the Court has failed to address any of LeVan's other objections, the Court has determined they are nonspecific or nondispositive. The Court has, however, reviewed the record de novo out of an abundance caution and found no error.

Thus, after a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Warden's motion for summary judgment is **GRANTED** and LeVan's petition is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing.

**IT IS SO ORDERED.**

Signed this 28th day of March 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.